Filed 4/7/23 Slaughter v. Old Republic Home Protection Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DJUANIQUE SLAUGHTER, | B318158 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC700457) |
| v. | |
| OLD REPUBLIC HOME PROTECTION COMPANY, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge. Affirmed.

Djuanique Slaughter, in pro. per., for Plaintiff and Appellant.

Claytor Law Group and James D. Claytor for Defendant and Respondent.

* * * * * *

Djuanique Slaughter (appellant) appeals from an order denying her motion to tax costs following trial court proceedings arising out of respondent Old Republic Home Protection Co., Inc.'s (respondent) petition to confirm an arbitration award. Appellant has failed to show error, therefore the order is affirmed.

## BACKGROUND[1]

On April 23, 2018, appellant filed a first amended complaint (FAC) against respondent claiming breach of contract, negligent misrepresentation, intentional misrepresentation, fraud, insurance bad faith, breach of fiduciary relationships and breach of the covenant of good faith and fair dealing. The controversy between the parties arose after a pipe broke in appellant's home causing damage in 2016-2017. Appellant sued respondent under a contract between the parties.

On May 22, 2018, respondent filed a demurrer to the FAC. Thereafter the trial court sustained the demurrer without leave to amend as to the causes of action for insurance bad faith, breach of fiduciary relationship and breach of the covenant of good faith and fair dealing. The court overruled the demurrer as to the causes of action for breach of contract, negligent misrepresentation, intentional misrepresentation, and fraud.

On July 24, 2018, respondent filed a motion to compel arbitration, which was granted. On August 27, 2018, notice of

---

[1]  We note that appellant has failed to provide citations to the record in the fact section of her opening brief on appeal, in violation of California Rules of Court, rule 8.204(a)(1)(C). However, in this matter we decline to strike the brief or order corrections.

entry of the order granting respondent's motion to compel arbitration was filed.

Following an arbitration, appellant's claims against respondent for breach of contract, negligent misrepresentation, intentional misrepresentation and fraud were denied. Each party was ordered to pay its own attorney fees and costs.

Respondent filed a petition to confirm the arbitrator's award in superior court. Following the trial court's July 28, 2021 confirmation of the award, respondent filed a memorandum of costs, seeking $1,256 for its costs and fees accrued in filing the petition to compel arbitration and petition to confirm arbitration award.

On August 13, 2021, appellant filed a motion to tax costs.

The trial court held a hearing on appellant's motion to tax costs and granted respondent its requested costs and denied appellant's motion to tax costs.

Appellant filed her notice of appeal from the post-judgment order on January 10, 2022.

## DISCUSSION

Unless otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding. (Code Civ. Proc., § 1032, subd. (b).) A court must award costs to the prevailing party in a judicial proceeding to confirm an arbitration award. (Code Civ. Proc., § 1293.2; *Cohen v. TNP 2008 Participating Notes Program, LLC* (2019) 31 Cal.App.5th 840, 878.) Appellant does not dispute that respondent was the prevailing party on both the petition to compel arbitration and the petition to confirm the arbitration award.

We review the trial court's denial of appellant's motion to tax costs for abuse of discretion. (*Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1013.)

Appellant has failed to show that the trial court abused its discretion in its ruling. Appellant argues "There was an abuse of discretion in this case because there was an arbitration ruling that specifically stated: 'each party is ordered to pay their own attorney fees and costs.' " Appellant provides no other grounds for reversal, nor does she cite any legal authority supporting her position that the arbitrator's decision on costs and fees of arbitration is relevant to the trial court's award of costs and fees incurred in the trial court proceedings.

The trial court addressed this issue in its written ruling, stating:

> "Insofar as [appellant] intends to rely on the Arbitrator's ruling, it is not authenticated; and moreover the award orders each party to pay their own attorney fees and costs with respect to claims submitted to the Arbitration, and not purporting to order the parties to pay their own attorney fees and costs with respect to Los Angeles Superior Court proceedings either before or after the arbitration."

The trial court did not abuse its discretion in determining that the arbitrator's ruling concerning costs and fees incurred in the arbitration was not applicable in the trial court. Nor did the trial court abuse its discretion in following statutory law stating that respondent is entitled to its fees and costs in the trial court proceedings.

4

**DISPOSITION**

The order is affirmed.  Respondent is awarded its costs of appeal.

NOT TO BE PUBLISHED.

                          _____

                          CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

HOFFSTADT, J.